An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MITCHELL CAPITAL, LLC,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
and
POWERCOM, INC. D/B/A ELECTRICAL
SOLUTIONS, A NEVADA
CORPORATION; AND JA'NEECE
REYNOLDS, INDIVIDUALLY, AND AS
THE SPECIAL ADMINISTRATOR TO
THE ESTATE OF JACOB REYNOLDS,
Real Parties in Interest.

No. 63301

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF CERTIORARI, MANDAMUS, OR PROHIBITION

This original petition for a writ of certiorari, mandamus, or prohibition challenges a district court order denying a motion to set aside a default judgment in a declaratory relief action.

"A writ of certiorari is appropriate to remedy jurisdictional excesses committed by an inferior tribunal, board, or officer, exercising judicial functions." *Las Vegas Police Prot. Ass'n Metro, Inc. v. Eighth Judicial Dist. Court*, 122 Nev. 230, 241, 130 P.3d 182, 190 (2006); *see also* NRS 34.020. A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district

court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is typically not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.020; NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Las Vegas Police Prot. Ass'n*, 122 Nev. at 241, 130 P.3d at 190. Generally, an appeal is an adequate legal remedy precluding writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004).

Here, petitioner does not dispute that it will be able to appeal the challenged order once a final judgment is entered below, but instead contends that the appeal is not an adequate remedy because it is uncertain when a final judgment will be entered. If, however, all of the claims against petitioner have been resolved and severance from the remaining defendants is appropriate, petitioner may seek relief from the district court under NRCP 54(b). That rule allows a district court to direct the entry of final judgment as to a party in order to allow it to proceed with an appeal. NRAP 54(b). And even if severance is not appropriate, petitioner's remedy will be in the form of an appeal from the final judgment. Regardless, because petitioner has an adequate legal remedy, we deny the petition. *See* NRAP 21(b)(1); NRAP 21(c); *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Las Vegas Police Prot. Ass'n*, 122 Nev. at 241, 130 P.3d at 190; *Pan*, 120 Nev. at 224, 88 P.3d at 841.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Mark R. Denton, District Judge
Peel Brimley LLP/Seattle
Peel Brimley LLP/Henderson
Aldrich Law Firm, Ltd.
Eighth District Court Clerk